UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

EUGENE E. PAGE III          ]
    Plaintiff,           ]
                            ]
v.                          ]     No. 3:05-0878
                            ]     Campbell/Brown
KROGER STORE No. 514, ET AL.]
    Defendants.         ]

To: Honorable Todd Campbell, Chief District Judge

## REPORT AND RECOMMENDATION

By an order (Docket Entry No. 3) entered October 28, 2005, the Court referred this action to the Magistrate Judge "...... to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1) (A) and (B), and to conduct any further proceedings that may become necessary under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court."

Presently pending before the Court are defendants' Motions to Dismiss (Docket Entry Nos. 32, 36 and 44), to which the plaintiff has filed a Response (Docket Entry No. 47).[1] The

---

[1] Docket Entry No. 32 is a Motion to Dismiss from defendants Cox, Rigby and Price. Docket Entry No. 36 is a Motion to Dismiss from defendants Perkins, Te. Harris, To. Harris, George, Jarret, Turner, Clark, Boyte, Milliken, Regg, Keane and Baxter. Docket Entry No. 44 is a Motion to Dismiss from the defendant, United Food and Commercial Workers Union, Local 1995. The remaining defendants, i.e., Kroger Store No. 514 and the Kroger Home Office, have filed an Answer (Docket Entry No. 31) to the complaint under the name of Kroger Limited Partnership I but have not filed a Motion to Dismiss.

1

undersigned has conducted a review of defendants' Motions and respectfully recommends, for the reasons stated below, that defendants' Motions should be granted and that the claims against these defendants be dismissed.

## I. BACKGROUND

The plaintiff, proceeding *pro se*, is an African American male who resides in Madison, Tennessee. He brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., against his former employer, Kroger Store No. 514; the Kroger Home Office; fifteen (15) fellow employees at Kroger Store No. 514;[2] and the United Food and Commercial Workers Union, Local 1995; seeking back wages, union dues and compensatory damages.

The plaintiff was employed with Kroger from April 15, 2002 until he was suspended on July 23, 2005. According to his complaint,

> Basically, they have been wanting to get me fired from the first day I was there, but they waited for the right people to come to the store, including a certain assistant manager.
>
> When I was in grocery the managers would always hassle me about leaving early or working overtime, but they let everyone else do it without question. One of the checkers was trying to hide behind a pillar because he was watching me, cause he doesn't like it when I look or talk to white girls. I felt this was done because of my race.

Docket Entry No. 1 at pg.3.[3]

---

[2] The fifteen individual defendants include Don Cox, Mike Rigby, Rusty Price, Tammy Perkins, Teresa Harris, Tommie Harris, Tommie George, Bobby Jarret, Chris Turner, Tommie Clark, Jim Boyte, Brian Milliken, Joanie Regg, Jennifer Keane and Alora Baxter.

[3] The plaintiff filed two separate charges of discrimination with the EEOC. Both charges were filed on July 26, 2005, with the named respondents being Kroger Store No. 514, *see*

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., is reviewed under the standard that dismissal is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his alleged claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 102 (1957). In reviewing a motion to dismiss, the allegations in the plaintiff's complaint are liberally construed and taken as true. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). More than bare assertions of legal conclusions, however, are required to withstand a Rule 12(b)(6) motion, and the complaint must contain allegations of fact sufficient to support the asserted legal claims. *See* Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-437 (6th Cir. 1988).

## III. DISCUSSION OF THE ISSUES

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., provides in pertinent part that :

> It shall be an unlawful employment practice for an employer -
>
> > (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin;

42 U.S.C. § 2000e-2(a).

The plaintiff bears the burden of making a prima facie showing of discrimination.

---

Attachment to Docket Entry No. 1, and the United Food and Commercial Workers Union, Local 1995. Attachment to Docket Entry No. 45.

McDonnell Douglas Corporation v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1972).

**A.) Individual Liability Under Title VII**

As noted above, Title VII addresses the unlawful employment practices of an employer. An individual employee/supervisor who does not otherwise qualify as an "employer" may not be held personally liable under Title VII. Wathen v. General Electric Co., 115 F.3d 400, 405 (6th Cir. 1997).

In his complaint, the plaintiff has named fifteen former co-workers as defendants. There are no specific allegations in the complaint describing how each of these individuals discriminated against the plaintiff. Nor were these individual defendants named as respondents in the plaintiff's EEOC charges of discrimination.[4] Moreover, there are no allegations whatsoever suggesting that these individuals would qualify as the plaintiff's employers. It plainly appears, therefore, that the plaintiff has failed to state a claim against Don Cox, Mike Rigby, Rusty Price, Tammy Perkins, Teresa Harris, Tommie Harris, Tommie George, Bobby Jarret, Chris Turner, Tommie Clark, Jim Boyte, Brian Milliken, Joanie Regg, Jennifer Keane and Alona Baxter. Consequently, their Motions to Dismiss (Docket Entry Nos. 32 and 36) have merit and should be granted.

**B.) The Union's Liability Under Title VII**

A labor organization can be held jointly and severally liable under Title VII for acquiescing in the discriminatory practices of an employer. Farmer v. ARA Services, Inc., 660 F.2d 1096, 1104 (6th Cir. 1981). A union's breach of its duty of fair representation, however, will

---

[4] A civil action may only be brought against the respondent named in an EEOC charge of discrimination. 42 U.S.C. § 2000e-5(f)(1).

4

only subject it to liability under Title VII if the breach can be shown to be the result of plaintiff's race, color, religion, sex or national origin. Id.

In the complaint, there are no factual allegations suggesting that Union Local No. 1995 in any way acquiesced or participated in the alleged discriminatory misconduct of plaintiff's employer. Plaintiff's claim against the union can only be gleaned from his EEOC charge of discrimination. In that document, the plaintiff explains

> Since October, 2004, I have been written up at least 15 times. The union rep attends these meetings between me and the company. The reps do not defend me when I am being treated badly. The first week of May 2005 I complained to Joe Ellis. The harassment stopped for a little while. On June 25, 2005 I was again called into the office. I asked Joannie Regg, union rep, to say something in my defense, and she said "No, I am not a lawyer".

Attachment to Docket Entry No. 45.

To the extent that the plaintiff believes the union has failed to properly represent him, there has been no evidence offered to show that this alleged failure was due to some type of discriminatory intent on the part of the union or its representatives. Thus, the plaintiff has failed to state a claim against the United Food and Commercial Workers Union, Local 1995, and its Motion to Dismiss (Docket Entry No. 44) should also be granted.

## RECOMMENDATION

Upon consideration of the complaint, defendants' Motions to Dismiss and the plaintiff's Response to the Motions to Dismiss, it appears that the defendants' motions have merit. Accordingly, the undersigned respectfully RECOMMENDS that defendants' Motions to Dismiss

should be granted and the claims against these particular defendants be dismissed.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

/s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge

6